# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA,

v.                                          No. 15 C 3078
                                                           Judge James B. Zagel

ISAIAH HICKS.

## MEMORANDUM OPINION AND ORDER

In this § 2255 motion, Isaiah Hicks seeks to overturn his sentence for a large-scale illegal drug distribution conspiracy. He was convicted on ten counts. The Court sentenced him to 360 months of imprisonment. He appealed conviction and sentence but did not prevail. The Court of Appeals affirmed conviction and sentence for reasons stated in *United States v. Long, et al.*, 748 F.3d 322 (7th Cir. 2014). The opinion stated that Hicks "led a large organization that distributed crack cocaine on the South Side of Chicago. He oversaw the acquisition and packaging of the drugs with the help from...others. ...Hicks sold the cocaine to distributors on credit." I noted on the record that Hicks ran a well-organized operation. Hicks filed this § 2255 motion well before the time to do so expired.

Hicks does not seek an outright acquittal. His claim is that his lawyer did not (but should have) explained the law of conspiracy and the advantages and disadvantages of a plea agreement. But, it is clear that no plea agreement was ever offered by the prosecution. Hicks does not claim that the government offered a plea deal. It was clear to me in the run-up to trial and the trial itself that the prosecution would not and did not offer a plea deal of any kind to Hicks.

It is true that Hicks could have pled guilty without having a plea agreement, but a volunteered agreement would not have reduced the guideline range of 360 months to life. The three-point reduction would not have bettered the position of Hicks. There was, in fact, a single

1

count which led to a 360-month guideline sentence. Hicks was provided with case materials which were provided in paper copies of the documents in the case.

I recall the case in detail because of the long period of investigation by law officers and the long period of observing the conduct of Hicks. The bottom line is that the government did not offer a "plea deal" to Hicks, and this is so because Hicks was the leader and manager of the illegal drug business. Considering Hicks' essential role as the architect and manager of a very large and lengthy criminal enterprise, he was likely to be the last defendant to have obtained an agreement. In the context of this case, there was no chance that the government would have offered any form of benefits or sentence reduction. None of the papers in the case would support proof that the government would offer anything of value to Hicks as a defendant.

The government's leverage in this case against Hicks was enormous and its interest in offering a plea agreement was zero. A plea of guilty offered without an agreement had no value in the context of this case. The guideline would still be no lower than 360 months, and an experienced defense counsel would understand that plea negotiation was not an element in preparing a defense of the charges faced by Hicks.

The motion to correct or vacate sentence or set it aside is denied.

ENTER:

James B. Zagel
United States District Judge

DATE: May 23, 2016